# DAVID CALDERWOOD *v.* MARCUS A. BRALY AND E. J. WEEKS.

REMOVAL OF CAUSE TO FEDERAL COURT.—All the defendants in an action in a State Court must be aliens or citizens of another State, to authorize the removal of the cause to a Federal Court for trial.

APPEAL from the District Court, Fourth Judicial District, City and County of San Francisco.

About the first of November, 1862, the defendants, Braly and Weeks, commenced an action in the District Court, Fourth

Judicial District, against plaintiff Calderwood, John K. Moore, and Patrick O'Brien, to recover possession of a tract of land in San Francisco. All the defendants were summoned. Plaintiff Calderwood, within the time required to answer, filed a petition in the case, setting forth that he was a *bona fide* resident of California, but was an alien; that plaintiffs were citizens of the United States and residents of this State; that defendant Moore was not in possession of the land, and had sold his interest therein to petitioner; that defendant O'Brien was on the premises merely as Calderwood's servant, and asked that the cause be transferred for trial to the Circuit Court of the United States for the Northern District of California. Petitioner also tendered the undertaking required by law. The Court refused to transfer the cause, and in due time the default of the defendants was entered and judgment rendered against them. Upon this judgment execution was issued, and Braly and Weeks were placed in possession of the property. No appeal was taken from the judgment or order, but the present action was commenced by Calderwood to set aside the judgment and to be restored to the possession of the property. The complaint set up the above facts. The defendants demurred to the complaint, the demurrer was sustained, and final judgment rendered for defendants. Plaintiff appealed.

*David Calderwood*, in *pro per.*, for Appellant.

*Crockett & Whiting*, for Respondents.

By the Court, CURREY, J.

By the law of this State an action of ejectment must be brought against the occupant—the terre tenant—of the demanded premises at the time the action may be commenced. (*Garner* v. *Marshall*, 9 Cal. 268.) When the action, the history of which is contained in the complaint in this case, was commenced, one of the defendants, to wit: Patrick O'Brien, was in the possession of the premises, as well as Calderwood,

and was properly made a defendant. There is no pretense that O'Brien was an alien or a citizen of another State, and it must be presumed he was a citizen of this State in the absence of evidence to the contrary. Though Calderwood may have been an alien, that fact, while it presumptively appeared that his co-defendant, O'Brien, was a citizen of this State, did not invest him with the right to a removal of the cause to the Circuit Court of the United States for trial. It is well settled as a general rule that all the defendants in an action brought against them in a State Court must be aliens or citizens of another State to authorize the removal of the cause to the Federal Court for trial. The exceptions to this general rule are stated in the various decisions of the Federal Courts, and need not be repeated here. We are satisfied that O'Brien was not a defendant of any character falling within the exceptions to the general rule. (*Strowbridge et al.* v. *Curtis et al.*, 3 Cranch. 267 ; *Ward* v. *Arredondo et al.*, 1 Paine's R. 410 ; *Chappedelaine* v. *Dechenaux*, 4 Cranch. 306 ; *Brown et al.* v. *Strode*, 5 Cranch. 303 ; *Wormley* v. *Wormley*, 8 Wheat. 421 ; *Conolly* v. *Taylor*, 2 Peters, 556.)

Judgment affirmed.

Mr. Justice SHAFTER expressed no opinion.