HARRISON (TRYPHENIA v.). See Case No. 14,209.

---

## Case No. 6,146.

### HARRISON v. URANN et al.

[1 Story, 64;[1] 3 Law Rep. 92.]

Circuit Court, D. Massachusetts. May Term, 1840.

PARTIES IN EQUITY—JURISDICTION OF UNITED STATES COURTS—CITIZENSHIP.

1. The question of the jurisdiction of the United States courts as to parties, can only apply as between the very parties, who, by a false allegation, are brought within their jurisdiction. If, therefore, one of several defendants admit, that his citizenship is rightly described, so as to found the jurisdiction of the court against him, the other defendants have no right to interfere in the matter.

[Cited in Bains v. The James and Catherine, Case No. 756; Jewett v. Cunard. Id. 7,310.]

[Cited in Smith v. Ford, 48 Wis. 145, 2 N. W. 150.]

2. Where a bill in equity was brought against several individuals, averring, that all of them were citizens of Massachusetts, and two of the defendants put in a plea, averring, that their co-defendant was not a citizen of Massachusetts, it was *held*, that the right to contradict this averment in the bill in this respect, and thus to oust the jurisdiction of the court, was a personal privilege of that co-defendant, of which he alone was entitled to avail himself.

3. The courts of the United States will dispense with the joinder of those persons, whose citizenship, if they were made parties to the suit, would oust the jurisdiction of the court, whenever, without prejudice to their rights, the court can proceed to decide the merits of the case as between the other parties properly before it.

[Cited in Nesmith v. Calvert, Case No. 10,123.]

Bill in equity. The bill was brought by [Thomas] Harrison, as administrator of Ellen Harrison, averring himself to be a citizen of Pennsylvania, against the defendants [Richard Urann, Elisha Copeland, Jr., and John Van Buskirk], averring them all to be citizens of Massachusetts, and was founded upon certain transactions, in which Van Buskirk acted as trustee of Ellen Harrison, with the other defendants, Urann and Copeland, with the assent and knowledge of the plaintiff, her husband. It is unnecessary to state the particulars of the bill. Two of the defendants, Urann and Copeland, put in a plea, averring, that their co-defendant, Van Buskirk, was at the time of filing the bill a citizen of Pennsylvania, and not a citizen of Massachusetts.

Mr. Gray, for plaintiff.
B. R. Curtis, for defendant.

STORY, Circuit Justice. The sole question in this case is, whether the present plea can be supported, it being filed by Urann and Copeland, alone, averring, that Van Buskirk is not a citizen of Massachusetts, as averred in the bill, but is a citizen of Pennsylvania, Van Buskirk not joining in the plea, nor contesting his own citizenship, as averred in the bill. Since the passage of the act of congress of the 28th of February, 1839, c. 36 [5 Stat. 321], this is a question of far less importance than it formerly would have been; since, even if Van Buskirk be a necessary and proper party to the bill, in the sense of a court of equity, that act enables the court to dispense with his being made a party, and to proceed to decide upon the merits, as far as it may, between the parties before it, without prejudice to the rights of other persons. Indeed, it has been for a long time the practice of the courts of the United States to dispense with the joinder of parties, who, if they were made parties to the suit, would, in consequence of their citizenship, oust the jurisdiction of the court, whenever without prejudice to their rights, the court could proceed to decide the merits of the case between the other parties properly before it. See West v. Randall [Case No. 17,424]; Wormley v. Wormley, 8 Wheat. [21 U. S.] 421, 451; Russell v. Clarke's Ex'rs, 7 Cranch [11 U. S.] 69; Mechanics' Bank of Alexandria v. Setons, 1 Pet. [26 U. S.] 306; Vattier v. Hinde, 7 Pet. [32 U. S.] 252; Boone's Heirs v. Chiles, 8 Pet. [33 U. S.] 532; Elmendorf v. Taylor, 10 Wheat. [23 U. S.] 152; Carneal v. Banks, Id.

---

[1] [Reported by William W. Story, Esq.]

181; Harding v. Handy, 11 Wheat. [24 U. S.] 103; Mallon v. Hinde, 12 Wheat. [25 U. S.] 193; Milligan v. Milledge, 3 Cranch [7 U. S.] 220. The act enlarges the operation, and confirms the propriety of this practice.

In the present case, it appears to me, that the plea cannot be maintained. It is a personal privilege of Van Buskirk, and a personal exception to the jurisdiction of the court, to contradict the averment in the bill, that he is a citizen of Massachusetts, which he alone is competent to take for himself. The other defendants have no more right to plead that he is not a citizen of Massachusetts, than they would have to plead that he was an infant, or that another co-defendant was a feme covert, or was under any other personal incapacity to be sued. The citizenship of a party to a bill in equity is strictly a matter in abatement of the suit; and in no degree touches the merits. This is clear from the decision of the supreme court in Livingston v. Story, 11 Pet. [36 U. S.] 393, where the court treated the plea, that the party was not a citizen of the state, as alleged in the bill, as a plea in abatement, founded on the personal disability or personal character of the party, although in its effect it might go to the jurisdiction of the court. In short, it is a personal right and personal privilege of the party himself, of which he alone can take the advantage, as a defendant, and with which his co-defendants have nothing to do. Suppose, in this case, Van Buskirk should come into court, and expressly admit or positively assert himself to be a citizen of the state of Massachusetts, would it be competent for any co-defendant to controvert the fact, or to insist upon an abatement of the suit, notwithstanding such an admission? Clearly, upon the true principles of pleading, both at law and in equity, such a plea would under such circumstances be unmaintainable. The main stress of the argument in support of the plea is, that the suit only lies between citizens of different states; and, therefore, it is a question going to the jurisdiction of the court under the constitution of the United States. But if it be so, it can only apply as between the very parties, who, by a false allegation of citizenship, are brought within the jurisdiction; for, as to all other parties, who are citizens of different states, there is nothing that affects the constitutional jurisdiction of the court. The privilege, therefore, if it be one, of being exempted from the jurisdiction of the court, is one purely personal, and if the party chooses to admit, that his citizenship is rightly described, so as to found the jurisdiction against him, I am not able to perceive, what right other parties have to intermeddle in the matter.

The plea in this case is an entire novelty; and I am not aware, that it has ever been supposed for a moment, that any defendant has a right to contest the alleged citizenship, except of himself, or of some party, who is a plaintiff; for if the jurisdiction be well founded as to himself and the plaintiff, it is a matter for the consideration of the court in examining the merits of the controversy, how far it can, or ought to proceed to a decree, without having other persons before it, and how far they can properly be dispensed with. Whether, in this case, the court can properly make a decree for the plaintiff, without having Van Buskirk before it as a party in his character as trustee, is a question of a very different nature from that now under discussion. Whether he is a necessary or proper party will depend upon the act of congress, and also upon the general principles, which regulate the exercise of this branch of equity jurisprudence. I have no difficulty in overruling the plea and assigning the defendant to answer further in the premises. Plea overruled.