BENSINGER SELF-ADDING CASH REGISTER CO. *v.* NATIONAL CASH REGISTER CO. *et al.*

(*Circuit Court, E. D. Missouri, E. D.*    May 2, 1890.)

**1. COURTS—JURISDICTION—CORPORATIONS.**
    A corporation does not acquire a residence in a state other than one in which it is incorporated by maintaining an office and having an agent there, within the meaning of Act Cong. March 3, 1887, which provides that, "where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought only in the district of the residence of either the plaintiff or the defendant." Following *Booth* v. *Manufacturing Co.*, 40 Fed. Rep. 1.

**2. SAME—JOINT DEFENDANTS.**
    Where, on motion to dismiss for want of jurisdiction, it appears that the jurisdiction is dependent wholly on diverse citizenship, and that one of the defendants lives in the district where suit is brought, and the other defendant and the plaintiff live in different districts, the action will be dismissed as to the non-resident, but not as to the resident, defendant.

On Motions to Dismiss for Want of Jurisdiction.
*R. A. & Paul Bakewell*, for plaintiff.
*Sale & Sale*, for defendants.

THAYER, J.    The question raised by these motions has been foreclosed in this district by the decision of Justice BREWER, while circuit judge, in the cases of *Booth* v. *Manufacturing Co.*, and *Walker* v. *Railroad Co.*, 40 Fed. Rep. 1, and in *Smith* v. *Lyon*, 38 Fed. Rep. 54. The suit at bar is an action *ex delicto* by a corporation of Illinois, having its chief office in Chicago, against a corporation of Ohio, having its chief office at Dayton, Ohio, and against a citizen of Missouri. The suit is one in which jurisdiction is dependent on diverse citizenship. The Ohio corporation, although it has an office and agent in this district for the transaction of its business, is not a resident of the district, within the meaning of the judiciary act of March 3, 1887, and cannot be sued in the federal court in this district, unless with its consent, by a corporation or citizen of Illinois. *Booth* v. *Manufacturing Co., supra.* Nor does the fact that a citizen of Missouri has been joined as a party defendant serve to extend the jurisdiction of the court over the Ohio corporation, as it was held in the case of *Smith* v. *Lyon, supra,* (and the decision in that case has since been affirmed by the supreme court of the United States, 133 U. S. 315, 10 Sup. Ct. Rep. 303,) that, when the first section of the act of March 3, 1887, speaks of suits being brought "only in the district of the residence of either the plaintiff or the defendant," the words "plaintiff" and "defendant" are used in a collective sense, and include all who are plaintiffs or defendants, so that all parties on one or the other side of the controversy must be residents of the district to sustain the jurisdiction.

The contention that the Ohio corporation has waived its right to object to the jurisdiction of the court is not tenable. Conceding that this is a case in which the corporation might by its acts submit itself to the jurisdiction of the court, yet it clearly has not done so. The first step taken by it after being served was to file the present motion to dismiss

v.42F.no.2—6

for want of jurisdiction. The fact that it maintains an office and an agent in this state for the transaction of its business does not, as contended, amount to a waiver of its right, under the act of March 3, 1887, to be sued in the district of its residence, or in the district where the plaintiff resides. A waiver of such right will only be implied from some act done in this very case, as by appearing generally and pleading to the merits, or doing some other equivalent act. It is true, as has been urged, that, under the judiciary act of March 3, 1875, and under previous acts, it was held that a corporation maintaining an agent and transacting business in a foreign state might be there sued in the federal courts by process served on its agent, especially if the laws of the foreign state sanctioned such service. But those decisions were predicated on the fact that the judiciary acts then in force permitted a defendant to be sued not only in the district of which he was an inhabitant, but also in any district "in which he was found at the time of serving the writ." The theory was that a corporation might be found, within the meaning of the statute, in a foreign state, where it kept an agent and office and transacted business, although not a citizen or resident of such state. *Good Hope Co.* v. *Fencing Co.*, 22 Fed. Rep. 635; *St. Louis Wire Mill Co.* v. *Barb-Wire Co.*, 32 Fed. Rep. 802. The act of March 3, 1887, unlike all previous acts on the subject, requires suits to be brought against a defendant in the district of the residence of the plaintiff or defendant, when jurisdiction is dependent on diverse citizenship. The decisions cited are, for that reason, not applicable. They do not establish that the Ohio corporation, by opening an office in this state, has waived its right, in a suit like the present, to be sued only in the district where it or the plaintiff resides. *Connor* v. *Railway Co.*, 36 Fed. Rep. 273.

Inasmuch as the privilege asserted by the Ohio corporation is a personal privilege that can be asserted by it only, and as the court clearly has jurisdiction of the suit as between the plaintiff and the citizen of Missouri, the motion by the last-named defendant will be overruled, although the motion of the Ohio corporation is sustained. It will then be optional with the plaintiff to discontinue his suit, or proceed against Rosenbaum alone.