DOMINION NAT. BANK OF BRISTOL v. OLYMPIA COTTON MILLS et al.

(Circuit Court, D. South Carolina. February 25, 1904.)

1. FRIVOLOUS ANSWER.

Where an answer by the maker of a note, in an action thereon against him and the guarantors thereof, the jurisdiction of which depends on diverse citizenship, does not set up a good defense by the allegation that one of the other defendants is a citizen of another state, the privilege of suit in which he has claimed, yet it will not be struck out as frivolous, it requiring an argument and careful examination to answer the defense.

C. T. Haskell, for plaintiff.
W. C. Miller, for defendants.

SIMONTON, Circuit Judge. This case comes up on a motion to strike out the defense as frivolous. The complaint by the Dominion National Bank of Bristol is on a promissory note, of which this is a copy: "$5,000. Columbia, S. C., Oct. 20, 1903. Thirty days after date Olympia Cotton Mills promises to pay to the order of Dominion National Bank Five Thousand Dollars at their office Bristol, Va.— Tenn., Value received." On the back of this note appears the names of W. H. Rose, W. A. Clark, Robt. W. Shand, Wm. H. Lyles, W. G. Childs, Geo. A. Shields, W. B. Lowrance, J. S. Moore, W. B. Smith Whaley, all of whom are made defendants in the suit under section 141, Code Civ. Proc. S. C.

The plaintiff is a citizen of Tennessee and Virginia. The complaint avers that each defendant is a citizen of South Carolina. Each one of the defendants has been served with process. W. B. Smith Whaley files a statement, imperfectly verified, that he is a citizen of Massachusetts, and claims the privilege of suit in the district of his residence. All the other defendants but the Olympia Cotton Mills have filed answers. The Olympia Mills files this paper:

"The Olympia Cotton Mills, the above-named defendant, especially appearing under protest for the purpose of this plea and for no other, says: That it is, and was at the time of the institution of this suit, a resident and citizen of Columbia, in the state of South Carolina, and the plaintiff is, and was at the time of the institution of this suit, a resident and citizen of the states of Virginia and Tennessee, and that one of the defendants to this suit, to wit, Wm. B. Smith Whaley, is, and was at the time of the institution of this suit, a resident and citizen of Boston, in the state of Massachusetts, and the other defendants to this suit are, and were at the time of the institution of this suit, residents and citizens of Columbia, in the state of South Carolina, and that the suit is not brought in the district of the residence of the plaintiff, or in the district of the residence of all of the defendants, in that it is not brought in the district of the residence of the said Wm. B. Smith Whaley, he residing in a different state from the plaintiff and the other defendants. Wherefore, insisting upon its exemption from suit in this court, the defendant the Olympia Cotton Mills moves to dismiss this suit for want of jurisdiction."

Whereupon the plaintiff moves to strike out this defense as frivolous. The Code of Civil Procedure of South Carolina provides for only two modes of defense to a complaint, demurrer and answer. No other

¶ 1. Averments of citizenship to show federal jurisdiction, see note to Shipp v. Williams, 10 C. C. A. 261.

defense is known. Section 164, Code Civ. Proc. The paper set out at length above is not a demurrer. Construing it as all code pleading must be construed, liberally (section 180, Code Civ. Proc.), it can be treated as an answer setting up the defense of want of jurisdiction.

The position taken by the defendant is that in the Circuit Court of the United States each plaintiff in cases resting on diversity of citizenship must be capable of suing each defendant, and each defendant capable of being sued by each plaintiff (Strawbridge v. Curtiss, 3 Cranch, 267, 2 L. Ed. 435); that W. B. Smith Whaley, one of the defendants, is a citizen and resident of Massachusetts, to be sued only in the district of his residence.

There can be no doubt that if W. B. Smith Whaley is a citizen of the state of Massachusetts he has the right to insist on a suit in his own district. But this is a personal privilege—one that he can waive. And, if it be made, he alone can make it and in his own behalf. Harrison v. Urann, 1 Story, 64, Fed. Cas. No. 6,146; Hinckley v. Byrne, Deady, 225, Fed. Cas. No. 6,510; Bensinger Co. v. National Cash Register Co. (C. C.) 42 Fed. 81; Jewett v. Bradford Bank (C. C.) 45 Fed. 801; Smith v. Ry. Co. (C. C.) 64 Fed. 1. If, however, the nonresident defendant be an indispensable party to the suit it cannot be maintained if he assert his privilege. Excelsior Pebble Phosphate Co. v. Brown, 74 Fed. 323, 20 C. C. A. 428; Smith v. Lyon, 133 U. S. 315, 10 Sup. Ct. 303, 33 L. Ed. 635; Anderson v. Watts, 138 U. S. 694, 11 Sup. Ct. 449, 34 L. Ed. 1078.

Now, is W. B. Smith Whaley an indispensable party to the suit against the Olympia Mills? Section 157, par. 3, of the Code of Civil Procedure of South Carolina, provides that if all the defendants have been served judgment may be taken against any or either of them severally, where the plaintiff would be entitled to judgment against such defendant or defendants if the action had been against any of them alone. This suit is against the maker of a promissory note. It also includes certain defendants who are not indorsers in the technical sense, but who can be held as guarantors of the note. Good v. Martin, 95 U. S. 90, 24 L. Ed. 341. The contract of the maker is to pay at all events. It has no relation to or connection with the contract of those who write their names on the back of the note. It is therefore the several contract of the Olympia Mills, on which it could have been sued alone, and so the case comes within section 157. Were this case for trial on its merits, this would be the conclusion, and the defense set up would be overruled. But it is a very different question at this time to set aside the defense as frivolous. A frivolous defense is one which at first glance can be seen to be merely pretensive, setting up some ground which cannot be sustained by argument. There are cases in the Supreme Court which, without close investigation, sustain the position of the defendant. Indeed, were not the distinction kept in mind which has been made, they would sustain the defense. It requires an argument and careful examination to answer it. So it cannot be said to be frivolous. Boylston v. Crews, 2 S. C. 422.

The motion is refused.