# MILLER *v.* AMBROSE.

APPEAL AND ERROR; OBJECTIONS AND EXCEPTIONS; WAIVER; PLEADING; ACTIONS; RULES OF COURT.

1. Where the record on appeal shows that an oral motion by the plaintiff for judgment after the court had stricken out the defendant's demurrer to a declaration was argued by both sides, and sustained, but fails to show that the defendant objected to the court's entertaining such oral motion, he must be considered as having waived the objection. (Following *Brown* v. *Savings Bank,* 28 App. D. C. 351; *Consaul* v. *Cummings,* 30 App. D. C. 540; and *Cooper* v. *Sillers,* 30 App. D. C. 567.)

2. Where a demurrer to a declaration is stricken out as frivolous under rule 31 of the lower court, it is on the theory that there is really no demurrer, and judgment may then be entered as for want of plea. Under such circumstances, D. C. Code, sec. 1533 [31 Stat. at L. 1418, chap. 854], providing that, upon the overruling of a demurrer, the party demurring shall have the right to plead over, does not apply.

3. A pleading, to be frivolous, must be so clearly and palpably bad, assuming the truth of its allegations, as to require no argument to demonstrate its weakness; and a motion to strike out a pleading as frivolous will be granted only in cases in which the propriety and necessity of so doing are clear and free from doubt.

4. Where the record on appeal from a judgment entered after the striking out as frivolous of a demurrer to a declaration shows that, after argument on the demurrer had resulted in the demurrer being stricken out, an oral motion for judgment was made by the plaintiff, and argued by both parties, it will be assumed on appeal that the original argument was upon the sufficiency in law of the demurrer, and that the other argument was upon the question of whether leave to plead over should be granted the defendant. (Distinguishing *Wilkins* v. *McGuire,* 2 App. D. C. 448.)

5. While assumpsit was in its origin an action *ex delicto,* it is now strictly an action *ex contractu.*

6. The gist of the action of trover is conversion, and the fiction upon which the action is grounded, namely, the finding of personal property lost by the owner, has been discarded by most courts.

7. While sec. 1 of common-law rule 26, of the lower court, providing that prolixity and unnecessary verbiage shall be avoided in all pleadings, was designed to simplify the forms of pleading and do away with unnecessary verbiage, it was not intended to abolish the common-law forms of action; and in declaring upon them it is still incumbent upon the pleader to set out the essential averments of such causes of action.

8. Where it was at least debatable whether a declaration was in trover or assumpsit, the plaintiff claiming it was in assumpsit and the defendant that it was in trover, and also whether, if in trover, it sufficiently averred ownership of the property alleged to have been converted, a summary judgment of the lower court for the plaintiff, entered after the granting of a motion by the plaintiff to strike out as frivolous a demurrer to the declaration, was *reversed.* (Distinguishing *Wilkins* v. *McGuire,* supra.)

No. 2100. Submitted March 3, 1910. Decided April 5, 1910.

HEARING on an appeal by the defendant from a judgment of the Supreme Court of the District of Columbia, entered upon motion of the plaintiff after the striking out as frivolous of a demurrer of the defendant to the declaration.          *Reversed.*

The COURT in the opinion stated the facts as follows:

Appeal from a judgment for $156,317.35 in the supreme court of the District of Columbia, entered upon an oral motion after a demurrer of the defendant, John Barton Miller, appellant here, to the declaration, had been stricken off on the ground of frivolousness. The declaration contained thirty-four counts; the first, differing from the following thirty-two counts only in respect to dates and amounts mentioned, is in the following language:

"First. The plaintiff, William E. Ambrose, receiver of the First Co-operative Building Association of Georgetown, District of Columbia, sues the defendant, John Barton Miller, for that at and long prior to the happening of the grievances hereinafter complained of, the said defendant was employed as secretary-treasurer of the said association, that said defendant had accepted said employment and duly qualified by giving

bond, whereby it became and was the duty of the said defendant to receive, deposit, and faithfully account to the said association for all sums of money coming into his hands as such secretary-treasurer as aforesaid, but the said defendant did not nor would regard his said duty in the premises, but on, to wit, the 26th day of July, 1907, there came into the hands of the said defendant, as such secretary-treasurer, a large sum of money, to wit, the sum of two thousand and eighty-nine dollars and five cents ($2,089.05), and the said defendant, contriving and fraudulently intending to deceive and defraud the said association of the said sum of money received as such secretary-treasurer, as aforesaid, fraudulently converted the same to his own use and wholly deprived the said association of the same, to the damage of the said association of two thousand and eighty-nine dollars and five cents ($2,089.05), wherefore an action has accrued to the plaintiff, who was duly appointed and qualified as receiver of the said association in the supreme court of the District of Columbia, on the 11th day of July, 1908, to recover of the defendant damages in the full sum of two thousand and eighty-nine dollars and five cents; wherefore, having first obtained leave of court so to do, he brings this suit.

"And the plaintiff claims damages in the full sum of $2,089.05, besides costs."

The thirty-fourth count is a sort of omnibus count and reads as follows:

"Thirty-fourth.    The plaintiff, William E. Ambrose, receiver as aforesaid, sues the defendant, John Barton Miller, for that at and long prior to the happening of the grievances hereinafter complained of, the said defendant was employed as secretary-treasurer of the First Co-operative Building Association of Georgetown, District of Columbia; that the said defendant had accepted said employment and duly qualified by giving bond, whereby it became and was the duty of the said defendant to receive, deposit, and faithfully account to the said association for all sums of money coming into his hands as such secretary-treasurer, as aforesaid; but the said defendant did not nor would regard his said duty in the premises, but from time to

time between the 1st day of January, 1906, and the 11th day of July, 1908, there came into his hands, as such secretary-treasurer, large sums of money aggregating the sum of, to wit, one hundred thousand dollars ($100,000), and the said defendant, contriving and fraudulently intending to deceive and defraud the said association of the said sums of money so received as secretary-treasurer, as aforesaid, fraudulently converted the same to his own use and wholly deprived the said association of the same, to the damage of the said association of $100,000, wherefore an action has accrued to the plaintiff, who was duly appointed and qualified as receiver of the said association in the supreme court of the District of Columbia on the 11th day of July, 1908, to recover of the defendant damages in the full sum of $100,000 wherefore, having first obtained leave of court so to do, he brings this suit.

"And the plaintiff claims damages in the sum of $100,000 besides costs."

The declaration was filed July 13th, 1909, and on August 6th, 1909, defendant regularly filed his demurrer thereto, and stated in the margin of the demurrer, as matters of law, intended to be argued upon the consideration of the said demurrer, the following:

"1. Said declaration and each count thereof fails to state a cause of action in trover, the form of action attempted to be set out in said declaration and each count thereof.

"2. Said declaration and each count thereof is in form an action of trover, and contains no allegation of the ownership of the property alleged to have been converted.

"Said declaration and each count thereof is in form an action of trover, and contains no description of the property alleged to have been converted."

Thereafter, on October 22d, 1909, said demurrer came up for hearing. After hearing, the court ordered the demurrer stricken off, whereupon, according to the record. there was an "oral motion for judgment made and argued by both sides, and sustained." This was followed by entry of judgment on No-

vember 4th, 1909, and on November 8th, following, the defendant noted his appeal.

Mr. *Henry E. Davis* and Mr. *John E. Laskey* for the appellant.

Mr. *James S. Easby-Smith* and Mr. *John L. Smith* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

There are several assignments of error directed to the action of the court in entertaining an *oral* motion for judgment. The record showing that this motion was "argued by both sides," and failing to show an objection and exception because of the alleged irregularity, the point must be considered waived here. *Brown* v. *Savings Bank,* 28 App. D. C. 351; *Consaul* v. *Cummings,* 30 App. D. C. 540; *Cooper* v. *Sillers,* 30 App. D. C. 567.

We come at once, therefore, to the consideration of the question whether the court was justified in striking off defendant's demurrer. Under sec. 1533 of the Code [31 Stat. at L. 1418, chap. 854], had the demurrer been overruled merely, the defendant would have had the right to plead over. The entry of judgment after a demurrer has been stricken off on the ground that it is frivolous is upon the theory that there really was no demurrer; hence, in such a situation, sec. 1533 does not apply.

At the time of the interposition of this demurrer, common-law rule 28 of the court below required that in the margin of every demurrer there should be stated "some substantial matter of law intended to be argued," and that "a demurrer without such statement, or with a frivolous statement, may be set aside by a justice at chambers or by the court, and leave given to enter judgment as for want of plea," etc. This rule is now rule 31 of the new rules of that court.

To be frivolous in law, according to the Century Dictionary,

a plea must be "so clearly insufficient as to need no argument to show its weakness." The rule as laid down in the authorities undoubtedly is that to constitute frivolousness, a pleading must be so clearly and palpably bad, assuming the truth of its allegations, as to require no argument to demonstrate its weakness. *Dominion Nat. Bank* v. *Olympia Cotton Mills,* 128 Fed. 181; *Cook* v. *Warren,* 88 N. Y. 37; 31 Cyc. Law & Proc. p. 610. The motion to strike out a pleading as frivolous will be granted only in cases "in which the propriety and necessity of so doing are clear and free from doubt." *First Nat. Bank* v. *Lang,* 94 Minn. 261, 102 N. W. 700. The reason for this is apparent because the granting of such a motion may summarily end a case and close every avenue of defense. In *Dominion Nat. Bank* v. *Olympia Cotton Mills,* supra, the court, in overruling a motion to strike out an answer as frivolous, said: "Were this case for trial on its merits, this would be the conclusion, and the defense set up would be overruled. But it is a very different question at this time to set aside the defense as frivolous. A frivolous defense is one which at first glance can be seen to be merely pretensive, setting up some ground which cannot be sustained by argument.   \*   \*   \*   It requires an argument and careful examination to answer it. So it cannot be said to be frivolous. *Boylston* v. *Crews,* 2 S. C. 422." Such is the test.

It is contended by appellee that this case is ruled by *Wilkins* v. *McGuire,* 2 App. D. C. 448, in which this court sustained a judgment of the trial court, entered after striking off a demurrer on a promissory note as frivolous; but in that case the record failed to show that leave had been asked or given to plead over, and the demurrer being untenable in law, the court was bound to enter judgment. The opinion states: "We have no doubt that if leave had been asked in this case to plead over, the court would have granted it. But the defendant preferred to rely upon his demurrer; and he must be bound by his election."

In the case at bar, the record shows that after argument on the demurrer had resulted in the demurrer being stricken off, an oral motion for judgment was made and argued by both sides.

The only reasonable inference to be drawn from this is that the original argument was in reference to the sufficiency in law of the demurrer, and that the argument following the motion for judgment was upon the question whether leave to plead over should be granted. In other words, whether the demurrer should be merely overruled or stricken off. It is apparent, therefore, that *Wilkins* v. *McGuire* is not conclusive of the question under consideration.

The defendant contends that plaintiff's declaration is in trover, while the plaintiff contends that it is in general assumpsit, and each party has cited numerous authorities in support of his contention. We will not determine the question at this time. It is sufficient for the purposes of this opinion to point out that while assumpsit was, in its origin, an action *ex delicto,* it is now strictly an action *ex contractu;* that the gist of the action of trover is conversion; and that the fiction upon which the action is grounded, namely, the finding of personal property lost by the owner, has been discarded by most courts. Having these points in mind, we think it apparent that it is at least a debatable question whether plaintiff's declaration is in general assumpsit, as contended by him, or in trover, as contended by the defendant.

While the common-law rule of the court below* was designed to simplify the forms of pleading and do away with unnecessary verbiage, it was not intended, we think, to abolish the common-law forms of action. *Murphy* v. *Preston,* 5 Mackey, 514. These forms of action remaining, it follows that, in declaring upon them, it is incumbent upon the pleader to set out the essential averments of such causes of action. *Stirling* v. *Garritee,* 18 Md. 468; *Citizens' Bank* v. *Tiger Tail Mill & Land Co.* 152 Mo. 145, 53 S. W. 902.

Upon further inspection of plaintiff's declaration, it again becomes apparent, we think, that it is at least a debatable question, assuming said declaration to be in trover, whether there

*Sec. 1 of common-law rule 26 provides that "prolixity and unnecessary verbiage shall be avoided in all pleadings."—REPORTER.

is a sufficient averment of ownership of the property alleged to have been converted. Authorities have been cited on this point, which, however, we do not deem it necessary to review. Without considering the other grounds of argument stated in the margin of the demurrer, we conclude that the defendant was entitled to leave to plead over, and that therefore the summary judgment against him was erroneous.

The judgment must be reversed, with costs, and the case remanded for further proceedings.                          *Reversed.*