CRAIG v. CAMPBELL. See Case No. 3,335.

CRAIG v. CONES. See Case No. 3,335.

CRAIG (CORSER v.). See Case No. 3,255.

---

## Case No. 3,331.
### CRAIG v. CUMMINGS.

[2 Wash. C. C. 505;[1] 1 Pet. C. C. 431.]

Circuit Court, D. Pennsylvania. Jan., 1811.

JURISDICTION—DIVERSE CITIZENSHIP—ACTION AGAINST JOINT DEBTORS.

1. Action by Craig, a citizen of Kentucky, against J. P., a citizen of New-Orleans, and Cummings, a citizen of Pennsylvania, upon whom only the process was served, and non est inventus returned by the marshal as to J. P. Cummings entered a plea to the jurisdiction, stating that J. P. was not a citizen of Pennsylvania, but was a citizen of New-Orleans; to which there was a general demurrer by the plaintiff.

[Cited in Shute v. Davis, Case No. 12,828; Morrison v. Bennet, Id. 9,843; Nesmith v. Calvert. Id. 10,123; Wiggins v. Railway Co., Id. 17,626.]

2. By the law and practice of Pennsylvania, if the sheriff return non est inventus as to one defendant, and service of the writ on the other, the plaintiff may proceed against the latter on a joint contract, stating in the declaration the return of the writ.

[Cited in Picquet v. Swan, Case No. 11,134.]

3. The defendant who has been served with process, cannot avail himself of the want of jurisdiction in the court, as to a person who is severed from him, and is no longer to be considered a defendant in the cause.

Action by Craig, a citizen of Kentucky, against J. P., a citizen of New-Orleans, and Cummings, a citizen of Pennsylvania. The process was served on Cummings only, and non est inventus as to J. P.; and the declaration is against him only, reciting the writ and the return. Plea to the jurisdiction, stating that J. P. was not and is not a citizen of Pennsylvania, but was and is a citizen of New-Orleans. To this there was a general demurrer.

WASHINGTON, Circuit Justice, delivered the opinion of the court.

If J. P. had been served with process in this case, he might have pleaded to the jurisdiction of the court, because, by the 11th section of the judicial law [of 1789 (1 Stat. 79)], the court

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

cannot entertain the suit, except an alien be a party, or the suit is between a citizen of the state where the suit is brought, and a citizen of another state. But neither Craig nor J. P. is a citizen of this state, where the suit is brought. It is true, that under another clause of this section, it is not necessary that the defendant should be an inhabitant of the state in which the suit is brought, if he be there served with the process; but if he be not an inhabitant of that state, the plaintiff must be, in order to give jurisdiction to that court; and therefore, J. P. might well be sued in the circuit court of Kentucky, where the plaintiff is an inhabitant, if the process were there served upon him.

But the question in this case is, can Cummings avail himself of the want of jurisdiction, in respect to his associate in the writ, but who is not declared against? It is admitted at the bar, that by the law and practice of this state, if the sheriff return non est inventus as to one defendant, and service of the writ on the other, the plaintiff may proceed against the latter singly, though upon a joint contract, stating in his declaration the return on the writ. This being the case, there can exist no good reason why the defendant who is served with the process, should avail himself of the want of jurisdiction in the court, as to the other person named in the writ, who is severed from him, and is no longer to be considered as a defendant in the cause. Demurrer sustained.