27 U.S. 556
 2 Pet. 556
 7 L.Ed. 518
 JAMES CONOLLY AND OTHERS, APPELLANTS
v.
RICHARD TAYLOR AND OTHERS, APPELLEES.
 January Term, 1829
 
 THIS was an appeal from the circuit court of the United States for the district of Kentucky, in which court the appellants were complainants, and the appellees were defendants.
 In the circuit court of Kentucky, on the 20th of February 1818, Thomas Conolly, James Conolly, Margaret Conolly, David David, and Francis Badley, aliens and subjects of the king of the united kingdoms of Great Britain and Ireland, and Samuel Mifflin, a citizen of the state of Pennsylvania, filed their bill against certain defendants, claiming to have an equitable title to a large tract of lands in right of colonel John Conolly deceased, situated at the falls of Ohio, in the state of Kentucky. The defendants in the bill were Richard Taylor, Fortunatus Cosby and Henry Clay, citizens of Kentucky, and William Lytle, described in the subpoena as a citizen of Kentucky, but who was in fact a citizen of the state of Ohio. The subpoena was served on all the defendants, Mr Lytle having been found by the process in Kentucky.
 The answer of Mr Lytle protests against the jurisdiction of the circuit court, he being a citizen of the state of Ohio.
 In the further progress of the suit before the circuit court, at May term 1823, on motion on the part of the complainants, the name of Samuel Mifflin was struck out of the bill as a plaintiff, and he was made a defendant; after which he answered an amended bill filed against him.
 When therefore the case came on to a hearing in the circuit court, at May term 1826, the parties complainants were all aliens and subjects of the king of Great Britain and Ireland; two of the defendants were citizens of the state of Kentucky, one of them was a citizen of the state of Ohio, and Samuel Mifflin was a citizen of the state of Pennsylvania.
 The cause was argued upon an objection to the jurisdiction of the case in the circuit court of Kentucky, and upon its merits. This Court being divided upon the merits, and no opinion having been expressed upon any other question in the cause but that of jurisdiction; the reporter does not consider himself permitted to state any of the facts of the case, or the arguments of counsel, other than those connected with that point.
 The counsel for the plaintiffs in error were Mr Wirt, attorney general, Mr Wickliffe, and Mr Peters. For the defendants, Mr Sergeant and Mr Nicholas.
 In support of the jurisdiction of the Court, it was argued, that it was a subject of frequent regret that the whole jurisdiction proposed by the constitution for the courts of the United States, has not been conferred by congress on these courts. The wise policy of the constitution has failed to take effect; and justice has often fallen short and been defeated by the mere defect of the judiciary system.
 
 
 1
 The Court will not be disposed, therefore, to narrow the defective legislation which has taken place, by putting on it a too rigorous construction.
 
 
 2
 In the present instance it requires only a fair construction of the act of congress to sustain the jurisdiction. All the cases cited on the other side are admitted, but it is conceived that they do not touch the question of jurisdiction in this case.
 
 
 3
 The 11th section of the judiciary act of 1789, gives jurisdiction to the circuit courts 'of all suits of a civil nature at common law or in equity, where the matter in dispute exceeds, exclusive of costs, the sum or value of five hundred dollars, and the United States are plaintiffs or petitioners, or an alien is a party, or the suit is between the citizen of a state where the suit is brought, and a citizen of another state.' Thus the act presents three distinct classes of cases, where the Court takes jurisdiction from the character of the parties; 1st, where the United States are plaintiffs or petitioners; 2d, where an alien is a party; and 3d, where the action is between a citizen of the state where the suit is brought, and a citizen of another state.
 
 
 4
 The counsel for the appellees suppose that this case falls within the third class, and they have cited several cases decided in the circuit courts to show that where the case does fall under the third class, one of the parties must be a citizen of the state in which the suit is brought.
 
 
 5
 If it were conceived that the case did belong to the third class, it might well be contended that the objection came too late from Mr Lytle; because it is a privilege on which the party may insist, or may waive at pleasure; and that after appearing and answering to the merits, it is too late to make it. Gracie vs. Palmer, 8 Wheaton, 699. The case of the Abbey, 1 Mason, 360. 3 Mason, 158.
 
 
 6
 Lytle appeared and answered to the merits; and although in his answer he suggests an objection to the jurisdiction of the court, he does not state the specific ground of his objection.
 
 
 7
 Besides, according to the chancery practice, a plea in abatement to the jurisdiction, and an answer to the merits cannot stand together, but the answer overrules the plea.
 
 
 8
 But the conclusive answer to the objection of the want of jurisdiction is, that this case does not belong to the third class of cases put by the judiciary act, but belongs to the second.
 
 
 9
 The third class being of suits between citizen and citizen, has been judicially settled to relate to cases, not where citizens were the nominal parties only, but where the interests also are citizen interests.
 
 
 10
 In Brown et al. vs. Strode, 5 Cranch, 303, this Court decided, that the courts of the United States have jurisdiction of a case between citizens of the same state, where the plaintiffs are only nominal parties for the use of an alien. The plaintiffs, in that, were the justices of the peace for the county of Stafford in Virginia, and were all citizens of that state. The defendant Strode was also a citizen of that state. The action was on an executor's bond: no one could have sued on that bond but the plaintiffs, to whom the bond had been given. They were, therefore, necessary and indispensable parties.
 
 
 11
 But the interests involved in the suit being the interest of an alien; the suit being for the use of the alien; the nominal plaintiffs being, quo ad hoc, merely trustees for the alien, sueing solely for his benefit, without any interest in the subject themselves, the jurisdiction was maintained on this ground and on this alone.
 
 
 12
 So here, Mifflin, one of the nominal plaintiffs, had, and still has, no manner of interest in the case. He is a mere trustee under the will of John Conolly, for the alien complainants, and the suit is brought solely for the use of aliens.
 
 
 13
 In principle the case is identical with that of Brown et al. vs. Strode. Like that it is purely a suit for the recovery of alien interests, and like that this suit is well founded, as being in substance a suit by aliens.
 
 
 14
 Again, Mifflin was a party solely for conformity; that is, a merely formal party. The test of a defendant being merely a formal party is, that no decree can be rendered against him, that is, against his interests or affecting his interest. E converso, the test of a complainant being merely a formal party, is, that no decree can be rendered for him; that is, no decree in favour of his interests; and the joinder or non-joinder of such a party cannot affect his interests.
 
 
 15
 In support of which cited the following authorities. Russell vs. Clark, 7 Cranch, 69; Wormley vs. Wormley, 8 Wheaton, 421; West vs. Randall, 2 Mason, 181.
 
 
 16
 The suit, then, being substantially, and, according to Brown and others vs. Strode, a suit by aliens, is it any objection to the jurisdiction of the court that some of the defendants are citizens of Kentucky, where the suit is brought, and one of them is a citizen of Ohio? Is it necessary, when the plaintiffs are aliens, that the defendants should be citizens of the particular state where the suit is brought?
 
 
 17
 The judiciary act does not make this necessary. The 11th section gives the jurisdiction where an alien is a party, without a word more; there is no qualification of this jurisdiction from the residence of the opposite parties; it is enough if they be citizens of the United States.
 
 
 18
 Will this Court create a limitation on their jurisdiction when the law has created none.
 
 
 19
 Is it not the object of the law and of the constitution, in all cases, to give the alien, where he is a party to the suit, an impartial tribunal in the courts of the nation? And is not this object as strongly demanded, where his antagonists are citizens of different states, as where they are citizens of the same state?
 
 
 20
 The manifest object of the constitution and law, is to prevent the alien from being driven into the state courts, and there encountering the prejudices which were to be apprehended in the local courts; but this salutary purpose will be totally defeated, if by the residence of his adversaries in different states you compel him to go into the courts of the state where some of them reside. Hence the law founds the jurisdiction in any case where an alien is a party.
 
 
 21
 If you limit his right to a case in which all his adversaries reside in the same state, you defeat, so far, the salutary purpose of the constitution and the law.
 
 
 22
 Reverse the case, suppose that citizens of different states have a joint claim against an alien, can they not bring a suit against him in the federal court? The single criterion of jurisdiction put by the law has occurred. 'An alien is a party, and it is no where said that the opposite parties must all belong to the same state.'
 
 
 23
 Will you not apply the same rule, where the alien is the plaintiff, the case being the same?
 
 
 24
 So far as the Court appear to have touched this question in former cases, it may be inferred, that their construction is that which has been indicated.
 
 
 25
 When the case is one between citizens, it is necessary to show the jurisdiction in the bill or declaration, by averring that the plaintiff is a citizen of one state, and the defendant of another. But when an alien is a party, the jurisdiction has been held to be sufficiently shown by stating that fact, without averring that the defendant is a citizen of the state in which the suit is brought. Gracie et al. vs. Palmer et al. 8 Wheaton, 699.
 
 
 26
 The 11th section contains this further provision, 'that no civil suits shall be brought before either of the said courts against an inhabitant of the United States, by any original process in any other district, than that whereof he is an inhabitant or in which he shall be found at the time of suing the writ.'
 
 
 27
 Does this apply to suits brought by aliens, or is it confined to suits brought by citizens? Considered as applying to suits brought by citizens, it has been judicially pronounced to be a very inconvenient restriction on the constitutional grant of jurisdiction. White vs. Fenner, 1 Mason, 521. That it should apply to suits by aliens may be well questioned.
 
 
 28
 The only substantial and real parties in interest to this suit were the aliens. Mr Mifflin was made a party complainant at the commencement of the proceedings, but it was afterwards found that in order to carry into effect the object of the bill, and to obtain from him, what the real parties had a right to demand, it was necessary to make him a defendant. Thus, therefore, in the circuit court, when the case was heard, all the parties plaintiffs, even nominally, were aliens; and the defendants were all citizens of the United States, and alleged to be so on the record.
 
 
 29
 For the defendants in error it was contended that the circuit court of the Kentucky district had no jurisdiction. The bill of complaint, which is the foundation and commencement of the suit in equity, states Samuel F. Mifflin, one of the complainants, to be a citizen of Pennsylvania, and William Lytle, one of the defendants, to be a citizen of Ohio. William Lytle pleaded to the jurisdiction, and thus saved his right to object, even if he had power to waive it, which he had not. Consent cannot give jurisdiction. The objection is not founded upon the provision, that a citizen shall not be sued in the courts of the United States, except in the state where he resides, or is found at the time of serving the process. That is a privilege which he may waive by appearance. It rests upon that part of the act of congress, (Act of 1789, sec. 11.) which expressly limits the jurisdiction, (and so far as it rests upon the character of the parties), to suits between citizens of different states, one of them being 'a citizen of the state where the suit is brought.' There is no doubt that the jurisdiction, under the constitution, might have been more extensive. The terms of the constitution only require that the parties should be citizens of different states. But the uniform construction of this grant of power has been, that it is to be exercised by the judiciary only, to the extent which congress may authorise.
 
 
 30
 It is perfectly clear, upon this statement, that the circuit court had no jurisdiction between Mifflin and Lytle. Section 11, of the act of the 24th of September 1789. The Court is bound to notice the question of jurisdiction, whenever it may occur, and however proposed. 2 Dall. 368. The plaintiff may assign as error, the want of jurisdiction, though the tribunal of the United States were resorted to by himself. The Court must see that it has jurisdiction.
 
 
 31
 The jurisdiction must appear on the record affirmatively Every thing must be alleged that is necessary to give jurisdiction. 3 Dall. 382. 4 Dall. 8. 1 Cranch, 343. 2 Cranch 186. 5 Cranch, 185. 6 Wheat. 450.
 
 
 32
 This would be clear, if Mifflin and Lytle were the sole parties. Does their joinder with others make any difference? The answer has long since been given. The plaintiffs and defendants must all be competent to sue and be sued. Strawbridge vs. Curtis, 3 Cranch, 267. Hope Insurance Company vs. Boardman, 5 Cranch, 57. Bank of the United States vs. Deveraux, 5 Cranch, 61.
 
 
 33
 If the plaintiffs be not all competent, it is immaterial whether the joinder is from necessity or voluntary. Corporation of New Orleans vs. Winter, 1 Wheat. 91. 94. Ward vs. Arredondo, 1 Paine, 410. The rule is the same as to defendants.
 
 
 34
 Some exceptions have been made, out of the generality of the proposition; but none that in its terms or spirit can comprehend the present case. In Cameron vs. M'Roberts, 3 Wheat. 591, it was decided, that if a distinct interest vested in one of the parties defendant, he being the one within the jurisdiction, so that substantial justice could be done, so far as he was concerned, without affecting the other defendants, the jurisdiction of the Court might be exercised as to him alone. That is, to apply it to the present case, if Lytle were within the jurisdiction, the case might proceed against him alone; for here, Lytle was the sole party in interest. It so appears by the bill of complaint, the title having come to be entirely vested in him. But he who was thus the only material party, was the very party who was out of the jurisdiction, and not amenable to the Court.
 
 
 35
 So, it is very true, that the joinder of a mere formal party defendant, does not take away the jurisdiction. Wormley vs. Wormley, 8 Wheat. 421. 451. The criterion in such cases is whether a decree is sought against him. Ward vs. Arredondo, 1 Paine, 410. If he be a material party, he must be brought in, even though the jurisdiction would thereby be ousted. Harrison vs. Rowan, Circuit Court, New Jersey District. But Lytle was not a mere formal party, he was an indispensable party, without whom no decree could be made.
 
 
 36
 So, if improper persons be made parties by mistake, who are not subject to the jurisdiction. Carneal vs. Banks, 10 Wheat. 187, 188. But here there was no such mistake in joining improper persons.
 
 
 37
 There is no case, therefore, where the decision has been contrary to what is now contended for. The opinion that in a suit at common law in Pennsylvania, where non est inventus is returned as to one who is not subject to the jurisdiction, (2 Wash. C. C. Rep. 505. 1 Peters's Rep. 431, note) the proceedings may go on against the others; has no application
 
 
 38
 It is true, that in this case, the court in 1821, (three years after suit brought) permitted the complainants to amend their bill, by striking out Mr Mifflin as complainant, and making him a defendant. But this was itself an exercise of judicial authority, which could not rightfully take place, but in a case over which the court had previously a power. The court could not make the amendment, unless it first had jurisdiction. The time of suit brought, is the period to which the question of jurisdiction applies. Mollan vs. Torrance, 9 Wheat. 537. It cannot afterwards be either vested or divested.
 
 
 39
 Mr Chief Justice MARSHALL delivered the opinion of the Court.
 
 
 40
 As an objection was made to the jurisdiction of the Court in this case, it may be proper, in order to prevent a possible misunderstanding of the principle on which jurisdiction is sustained, briefly to state it.
 
 
 41
 The bill is filed in the court of the United States, sitting in Kentucky, by aliens and by a citizen of Pennsylvania. The defendants are citizens of Kentucky, except one who is a citizen of Ohio, on whom process was served in Ohio. The jurisdiction of the court cannot be questioned, so far as respects the alien plaintiffs. As between the citizen of Pennsylvania and of Ohio, neither of them being a citizen of the state in which the suit was brought, the court could exercise no jurisdiction. Had the cause come on for a hearing in this state of parties, a decree could not have been made in it for the want of jurisdiction. The name of the citizen plaintiff, however, was struck out of the bill before the cause was brought before the court; and the question is, whether the original defect was cured by this circumstance; whether the court, having jurisdiction over all the parties then in the cause, could make a decree.
 
 
 42
 The counsel for the defendants maintain the negative of this question. They contend that jurisdiction depends on the state of the parties at the commencement of the suit; and that no subsequent change can give or take it away. They say, that if an alien becomes a citizen pending the suit, the jurisdiction which was once vested is not divested by this circumstance. So, if a citizen sue a citizen of the same state, he cannot give jurisdiction by removing himself, and becoming a citizen of a different state.
 
 
 43
 This is true, but the court does not understand the principle to be applicable to the case at bar. Where there is no change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit. The court in the first case had complete original jurisdiction; in the last it had no jurisdiction either in form or substance. But if an alien should sue a citizen, and should omit to state the character of the parties in the bill: though the court could not exercise its jurisdiction while this defect in the bill remained; yet it might, as is every day's practice, be corrected at any time before the hearing, and the court would not hesitate to decree in the cause.
 
 
 44
 So in this case. The substantial parties plaintiffs, those for whose benefit the decree is sought, are aliens; and the court has original jurisdiction between them and all the defendants. But they prevented the exercise of this jurisdiction, by uniting with themselves a person between whom and one of the defendants the court cannot take jurisdiction. Strike out his name as a complainant, and the impediment is removed to the exercise of that original jurisdiction which the court possessed, between the alien plaintiffs and all the citizen defendants. We can perceive no objection, founded in convenience or in law, to this course.
 
 
 45
 Upon examining the record, the judges are divided in opinion on the question, whether the defendants, who are purchasers, have taken the lands charged with the equity which was attached to it, while in possession of Campbell and his heirs; or are to be considered as purchasers without notice. It would be useless to state the arguments and facts in support of each opinion. The decree is affirmed by a divided Court.