DORD (VAN LIEN v.). See Case No. 16,862.
DORE (MOORE v.). See Case No. 9,757.

———

## Case No. 4,001.

DOREMAS et al. v. BENNET et al.

[4 McLean, 224.][1]

Circuit Court, D. Michigan. June Term, 1847.

FEDERAL COURTS—JURISDICTION—CITIZENSHIP.

This action was brought to recover the amount due on a promissory note, made by Bennet & Ford, who were partners in trade, to the plaintiffs, citizens of New York. The declaration alleges one of the defendants to be a citizen of the state of Michigan, and the other to be a citizen of the state of New York. The defendant Bennet, who is averred to be a citizen of Michigan, and who is served with process, pleads to the jurisdiction of the court, setting forth, that the plaintiffs and defendant Ford, are citizens of the same state.

[Cited in Tobin v. Walkinshaw, Case No. 14,068; Sands v. Smith, Id. 12,305.]

[This was an action at law by Thomas C. Doremas and John M. Nixon, against Henry D. Bennet and others on a promissory note. Heard on a demurrer to a plea to the jurisdiction of the court.]

Mr. Wilson, for plaintiffs.
Mr. Hawkins, for defendants.

WILKINS, District Judge. The plaintiffs demur to the plea, and defendants join in de-

[1] [Reported by Hon. John McLean, Circuit Justice.]

murrer. Is the plea to the jurisdiction well taken? The question is one of jurisdiction, involving a construction of the 11th section of the judiciary act [1 Stat. 78], and the 1st section of the act of the 28th of February, 1839 [5 Stat. 321]. In the case of Louisville R. Co. v. Letson [2 How. (43 U. S.) 497], the supreme court have no hesitation in saying, "that this last act was passed exclusively with an intent to rid the courts of the decision in the Case of Strawbridge and Curtis," 3 Cranch [7 U. S.] 267, which affirmed, "that where there are two or more joint plaintiffs, and two or more joint defendants, in the courts of the United States, each of the plaintiffs must be capable of suing each of the defendants in the courts of the United States, in order to support the jurisdiction." The act of February, 1839, in the opinion of the supreme court, enlarges the jurisdiction of the courts of the United States. Its first section provides, "that where, in any suit at law or in equity, commenced in any court of the United States, there shall be several defendants, any one or more of whom, shall not be inhabitants of, or found within the district where the suit is brought, or shall not voluntarily appear thereto, it shall be lawful for the court to entertain jurisdiction, and proceed to the trial and adjudication of such suit, between the parties who may be properly before it: but the judgment or decree rendered therein shall not conclude or prejudice other parties, not regularly served with process, or not voluntarily appearing to answer." This provision was intended to remove the difficulties which occurred in practice, under the 11th section of the judiciary act, and embraces every suit at law or in equity, in which there shall be several defendants, "any one or more of whom shall not be inhabitants of, or found within the district where the suit is brought, or, who shall not voluntarily appear thereto." The exception in the act, exempting parties defendant, who have not been regularly served with process, or who have not voluntarily appeared, protects them from being prejudiced by any judgment or decree rendered in such suits against joint defendants. The defendant Bennet is an inhabitant of the state of Michigan. Process has been served upon him. No process has been served upon Ford, the co-defendant, nor has he voluntarily appeared to the suit. Bennet is properly before the court. The rendition of a judgment against him can not conclude or prejudice Ford. It is therefore lawful for the court to entertain jurisdiction of the case as to Bennet. In the Case of the Louisville Railroad Company, the supreme court declare, that the cases of Strawbridge and Curtis [supra] and Bank of U. S. v. Devaux [5 Cranch (9 U. S.) 61] were carried too far, and not maintainable, upon the true principles of interpretation of the constitution and laws of the United States, and that the case of Commercial Bank of Vicksburgh v.

Slocumb [14 Pet. (39 U. S.) 60] was decided upon the authority of those cases. In the case of Morrison v. Bennet [Case No. 9,843], a case which occurred in Ohio circuit, in 1838, prior to the act of February, 1839, Mr. Justice McLean held, under the statute of the state of Ohio, regulating the practice of that state and authorizing the plaintiff to proceed to judgment against the defendant, on whom process had been served—that the court had jurisdiction as between the plaintiff and the defendant, on whom the process. had been served. In the case of Emerson v. Genney [Id. 4,438], this court decided, on a demurrer to the declaration, in an action against joint defendants, one of whom was an inhabitant of this state, and on whom process was served, and the other a citizen of the same state with the plaintiffs, not served, and not appearing,—that the court would entertain jurisdiction. The demurrer sustained.