## Case No. 5,457.

### Ex parte GIRARD.

[3 Wall. Jr. 263; 1 19 Leg. Int. 412.]

Circuit Court, E. D. Pennsylvania. Oct. Term, 1858.

JURISDICTION—CITIZENSHIP—SEVERAL PARTIES DEFENDANT—ALIENS—EJECTMENT.

1. To be able to remove a case from the state courts to the federal, under the 12th section of the judiciary act of 1789 [1 Stat. 79], each defendant—no matter how numerous the defendants may be—who have been properly served with process, or who voluntarily appear without having been so served—must be either an alien or a citizen of a state other than that of the state to which the plaintiff belongs. It is not enough that one defendant, or any—the largest number short of the whole—be so.

[Cited in Ex parte Turner, Case No. 14,245.]
[Cited in Bryant v. Rich, 106 Mass. 192.]

2. If one defendant be an alien and be properly served or be otherwise in court, and other persons, not aliens or citizens of a state or states other than that to which the plaintiff belongs, be named as defendants in the writ, but be not served, nor appear voluntarily, the alien defendant who is served, may himself remove the case. Per Grier, Circuit Judge.

[Cited in McHenry v. New York, P. & O. R. Co., 25 Fed. 67.]

3. Where a plaintiff brings ejectment against several persons who hold by several and distinct titles, no doubt the court in which such process is issued may compel such plaintiff to discontinue and divide his action; and will not permit him by joining defendants thus claiming, to affect injuriously the rights of any.

[Cited in Gibbons v. Martin, Case No. 5,381.]

The city of Philadelphia had brought ejectment in a state court of Pennsylvania against J. F. Girard and eleven other persons. The writ was served on J. F. Girard alone, he having been the only one of the twelve named in the writ who was in actual possession. The eleven persons not served appeared voluntarily to the action, and then the whole twelve petitioned the state court, as under the twelfth section of the judiciary act of 1789, that the case might be removed thence into this court. The petition for removal did not aver that each one of the twelve was either an alien or a citizen of some state other than Pennsylvania; though it did make one or the other of these averments

1 [Reported by John William Wallace, Esq., and here reprinted by permission.]

with regard to eight of them; J. F. Girard, however, the defendant in possession, not being one of them.

A motion was now made by Mr. Olmstead for the city to remand the case for want of the requisite averments in the petition to the state court; a copy of which, as the judiciary act directs, had been filed here.

The words of the section of the act on which the motion depended are thus: "If a suit be commenced in any state court against an alien, or by a citizen of the state in which the suit is brought against a citizen of another state, . . . and the defendant shall . . . file a petition for the removal of the cause for trial into the next circuit court to be held in the district where the suit is pending . . . it shall then be the duty of the state court to accept the surety and proceed no further in the cause, . . . and being entered as aforesaid in such court of the United States, the cause shall there proceed, &c."

It was argued by the counsel of the twelve defendants, that if there was "an alien," that is to say, one alien in the case, or "a citizen" of another state—that is to say, a single citizen—this was enough.

GRIER, Circuit Justice. If J. F. Girard be an alien, he would have had the right to remove the case under the act of congress to this court, for the plaintiff cannot, by inserting the names of persons not in actual possession, affect the right of the tenant in possession, who may call in his landlord to defend his possession at his own option. His landlord may, also, at his own election, apply to the court, and be made a co-defendant. But the plaintiff has no right to assume that any other person except the one in possession, claims a right in the land. The defendants may all be owners, and J. F. Girard, the tenant in possession, may be their lessee or tenant. But persons resident elsewhere than in the state where the land lies, cannot be made parties to an action of ejectment in that state, except by their own consent and that of the defendant in possession. The parties not served with process here, appeared voluntarily to the action, and have thus made themselves parties defendant, and admit themselves in possession, and to be proper parties. They all join in the petition for removal, but they do not aver that J. F. Girard, on whom the writ was served, and three others of their number are—in addition to the eight remaining, of whom it is averred —either aliens or citizens of any other state. Beardsley v. Torrey [Case No. 1,190], decides that when the tenant in possession is a citizen of Pennsylvania, and his landlord, a citizen of another state, is admitted to defend, the case is not within the provisions of the 12th section of the judiciary act, and cannot be removed to this court. And in Ex parte Turner [Id. 14,245], just decided, the same decision has been made after full argument,

and a careful consideration of the question. But although the plaintiff could not, by serving his writ on persons not in possession, affect the rights of the tenant in possession to remove the case if he had been an alien, yet if the other defendants—some of whom are citizens and some aliens,—volunteer to appear to the suit, and become parties with the tenant in possession, they cannot, by their own consent, thus transfer to this court a case not within the provisions of the act of congress.

Where there is more than one person plaintiff or defendant, each must be competent to sue in the court of the United States. The right to remove must exist in each, and all the persons suing, and against whom the opposite party may demand a decree or judgment.

How far several defendants in ejectment, who hold several portions of the land by several and distinct titles, may have a right to have their cases severed, so that one who has a right to remove may not lose his right by being made co-defendant with one who has none, is a question not in this case. But I doubt not, that the court in which such process has issued, may compel the plaintiff to discontinue and divide his action, and will not permit him, by joining defendants claiming by distinct and several titles, to injuriously affect the rights of either.

In the present case the defendants have not brought themselves within the description of the act. They are neither aliens, nor citizens of another state.

I am aware that this contraction of the act may tend to defeat the provisions of the 12th section altogether, in actions of ejectment. "But the remedy," says Mr. Justice Washington, in the case above cited, "is with congress."

Case remanded.